UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
TERRANCE GREENE,                                   For Online Publication Only

                Plaintiff,

                                                                  **ORDER**
        -against-                                  16-CV-1243 (JMA)(ARL)

SHERIFF M. SPOSATO and CAPTAIN ZORN,

                Defendants.
----------------------------------------------------------------------X

**JOAN M. AZRACK, United States District Judge:**

     *Pro se* plaintiff Terrance Greene ("plaintiff") commenced this action on March 1, 2016. (ECF No. 1.) By letter from the pro se office dated March 11, 2016, the Court acknowledged receipt of plaintiff's civil action, and instructed him that it was his duty to prosecute his case and keep the Court informed of a current mailing address. (ECF No. 4.) Plaintiff was also warned that failure to provide a current mailing address might result in his case being dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). (Id.) When mail sent from the Court to the plaintiff was returned as "Undeliverable" in December 2017, (ECF No. 29), plaintiff was again warned by Order dated December 19, 2017 that he is obligated to notify the Court of any change of address and failure to do so may result in his case being dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). Plaintiff filed a notice of change of address on December 22, 2017 and updated his address multiple times thereafter. (ECF Nos. 40, 43, 45, 48.) Plaintiff most recently updated his address on September 4, 2018. (ECF No. 48.)

     Beginning in January 2019, mail sent from the Court to the plaintiff was again returned as "Undeliverable." (ECF No. 56.) Accordingly, by Order dated March 5, 2019, the Court ordered plaintiff to provide the Court with an updated address by April 5, 2019. Plaintiff was again cautioned that failure to timely comply with the Order may lead to the dismissal of the complaint

for failure to prosecute pursuant to Fed. R. Civ. P. Rule 41(b). However, the Order was returned to the Court and marked "Discharged," "Return to Sender," "Not Deliverable as Addressed," "Unable to Forward," and "Manual Proc. Required." (ECF No. 57.) To date, plaintiff has not updated his address, nor has he otherwise communicated with the Court since filing a letter motion dated October 28, 2018.[1] (ECF No. 54.)

"The duty to inform the Court and defendants of any change of address is 'an obligation that rests with all *pro se* plaintiffs.'" Alomar v. Recard, 07-CV-5654, 2010 WL 451047, at *2 (S.D.N.Y. Feb. 9, 2010) (quoting Handlin v. Garvey, 91-CV-6777, 1996 WL 673823, at *5 (S.D.N.Y. Nov. 20, 1996)); see also English v. Azcazubi, 13-CV-5074, 2015 WL 1298654, at *2 (E.D.N.Y. Mar. 20, 2015) ("[W]hen a party, even a *pro se* litigant, changes addresses, it is that party's obligation to notify the Court of the new address."); Thornton v. Moroney, 1 3-CV-8912, 2014 WL 2805236, at *2 (S.D.N.Y. June 20, 2014) (explaining that *pro se* litigants have a "duty to diligently pursue [their] case and to inform th[e] Court[] . . . of any change of address."). As is readily apparent, this case cannot proceed unless the Court and defense counsel are able to contact plaintiff. Pagan v. Westchester County, 12-CV-7669, 2014 WL4953583, at *5 (S.D.N.Y. Oct. 1, 2014) ("Absent valid contact information, the Court cannot apprise the plaintiffs of their obligations in or the status of their case, and the litigation cannot proceed without their participation."). If a *pro se* litigant fails to keep the Court apprised of his or her current mailing address, "the Court may dismiss the action under Rule 41(b) [of the Federal Rules of Civil Procedure], for failure to prosecute." Mercedes v. New York D.O.C., 12-CV-2293, 2013 WL6153208, at *2 (S.D.N.Y. Nov. 21, 2013); Thornton, 2014 WL 2805236, at *2.

---

[1] The return address on Plaintiff's October 28, 2018 letter motion is the same as the address indicated in his correspondence dated September 4, 2018.

Accordingly, given plaintiff's failure to keep his address current, Court is unable to communicate with him.  Because plaintiff has not otherwise communicated with the Court for over five months, it appears that plaintiff has abandoned this case and his complaint is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.  The Clerk of the Court is directed to mail a copy of this Order to the plaintiff at his last known address, to enter judgment, and mark this case closed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore, *in forma pauperis* status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED**.

Dated: April 9, 2019
       Central Islip, New York

     /s/ (JMA)
Joan M. Azrack
United States District Judge